# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

YANICK NAZON,

      Plaintiff,

v.

QUAD/GRAPHICS, INC.,

      Defendant.

CIVIL ACTION NO.
1:25-cv-07037-SEG-JSA

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Quad/Graphics, Inc. ("Defendant"), by its attorneys, and files its Answer and Defenses to Plaintiff Yanick Nazon's ("Plaintiff" or "Nazon") Complaint as follows:

## I.    JURISDICTION AND VENUE[1]

The allegations contained in the section of the Complaint entitled "Jurisdiction and Venue" constitute statements of law to which no response from Defendant is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA"). Defendant specifically denies that it

---

[1] Solely for the purposes of consistency and ease of comparison, particularly because of the length of Plaintiff's Complaint, Defendant uses the same captions and headings in its Answer as Plaintiff does in the Complaint. By doing so, Defendant does not make any admission of liability and denies any allegation that may be included in the heading.

engaged in any wrongdoing, violated the FMLA, or that Plaintiff is entitled to any relief whatsoever.

Defendant further contends that Plaintiff's assertion as to this Court's jurisdiction is a statement of law to which no response is required from Defendant. To the extent a response is required, Defendant does not contest that jurisdiction lies with this Court but denies that Defendant committed any unlawful acts as alleged in the Complaint or otherwise, whether within the jurisdiction of this Court or elsewhere. Defendant denies the remaining allegations in the "Jurisdiction and Venue" section of Plaintiff's Complaint.

## II.    PARTIES

The allegations contained in the section of the Complaint entitled "Parties" constitute legal conclusions and subjective representations to which no response from Defendant is required. To the extent a response is required, Defendant admits that Plaintiff has subjected herself to the jurisdiction of this Court and that upon information and belief, Plaintiff resides in Marietta, Georgia. Defendant admits it is an employer covered by the FMLA. Defendant admits that it may be served through its registered agent at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

### III.   FACTUAL BACKGROUND

### A. Plaintiff's Employment History

1.

The allegations in Paragraph 1 of the Complaint make various subjective representations about Plaintiff and require no response from Defendant. To the extent a response is required, Defendant admits Plaintiff had been employed for Defendant for more than 12 months and had worked in excess of 1,250 hours during the preceding 12-month period, which would have rendered her an eligible employee under FMLA by the time her FMLA was to begin in October 2024 but for the unrelated and earlier termination of her employment due to poor job performance. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's prior employment with a non-party entity and, therefore, can neither admit nor deny the allegations in Paragraph 2 of the Complaint.  To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's prior employment with a non-

party entity and, therefore, can neither admit nor deny the allegations in Paragraph 3 of the Complaint.  To the extent a response is required, Defendant admits only that Plaintiff began working for Defendant on or about May 5, 2022. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's prior employment with a non-party entity and, therefore, can neither admit nor deny the allegations in Paragraph 4 of the Complaint. To the extent a response is required, Defendant denies that Plaintiff had no history of serious discipline consistent with termination prior to 2024 while employed by Defendant. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

**B.  Plaintiff's Medical Condition and Protected FMLA Activity**

5.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's purported health and, therefore, can neither admit nor deny the allegations in Paragraph 5 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's consultations with a non-party entity and, therefore, can neither admit nor deny the allegations in Paragraph 6 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's then-relevant medical condition(s) and, therefore, can neither admit nor deny the allegations in Paragraph 7 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8.

Defendant admits only that Plaintiff requested FMLA leave in August of 2024. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.

Admitted.

10.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's then-relevant medical visits

5

and, therefore, can neither admit nor deny the allegations in Paragraph 10 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.

Defendant admits only that on August 26, 2024, Plaintiff notified Defendant of her requested FMLA leave. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.

The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant admits only that on September 6, 2024, it approved Plaintiff's requested FMLA leave for the time period October 2, 2024 through November 26, 2024. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.

The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

**C. Disciplinary Irregularities and Coercive "Last Chance Agreement"**

14.

Defendant admits only that Plaintiff received a written disciplinary notice on January 18, 2024. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.

Denied.

16.

Denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's signing under protest and, therefore, can neither admit nor deny the allegations in Paragraph 17 of the Complaint. To the extent a response is required, Defendant admits only that Plaintiff signed the July 26 write-up and included a written rebuttal. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.

Denied.

19.

Defendant admits only that Defendant engaged in progressive discipline and performance coaching with Plaintiff and did not place Plaintiff on a Performance Improvement Plan. To the extent a response is required, Defendant admits only that it did not place Plaintiff on a Performance Improvement Plan. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

### D. Retaliatory Coercion After Protected Activity

20.

The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21.

The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

The allegations contained in Paragraph 22 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

## E. Termination Thirteen Days After FMLA Approval

23.

Admitted.

24.

Defendant admits only that Plaintiff was terminated on September 19, 2024. Defendant specifically denies that Plaintiff's termination was connected in any way with her use of approved FMLA leave. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.

Defendant admits only that another employee, who previously worked for Defendant and initially was intended to be a temporary employee rejoining Defendant in September 2024, started in Plaintiff's department on September 23, 2024. Defendant specifically denies that this individual was hired to replace Plaintiff. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.

Defendant admits only that Plaintiff's termination was conveyed to her in a virtual meeting conducted by her supervisor, Cassy Flowers-Nguyen, and Norma Galicia from the Human Resources department. Defendant denies remaining allegations in Paragraph 26 of the Complaint.

9

### F. False and Shifting Explanations (Pretext)

27.

Defendant admits only that it conducted various informal coaching sessions with Plaintiff during her employment based on her inadequate performance.

28.

Denied.

29.

Admitted and, for further clarification, to the extent Plaintiff is referring to documents submitted to the Equal Employment Opportunity Commission ("EEOC"), Plaintiff had and has a right to request same from the EEOC.

30.

The allegations contained in Paragraph 30 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

### G. Comparator Evidence

31.

The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

## H. Causation

32.

The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

## IV.    CAUSES OF ACTION

## COUNT I - FMLA RETALIATION

33.

Answering Paragraph 33 of the Complaint, Defendant restates and reasserts each and every response provided above as if set forth herein.

34.

The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35.

The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant admits the allegations in Paragraph 35 of the Complaint.

11

36.

The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.

The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.

The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

## COUNT II – FMLA INTERFERENCE

39.

Answering Paragraph 39 of the Complaint, Defendant restates and reasserts each and every response provided above as if set forth herein

40.

The allegations contained in Paragraph 40 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant admits the allegations in Paragraph 40 of the Complaint.

12

41.

Admitted.

42.

The allegations contained in Paragraph 42 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.

The allegations contained in Paragraph 43 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44.

The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45.

The allegations contained in Paragraph 45 of the Complaint constitute legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

## V.   DAMAGES

46.

The allegations contained in Paragraph 46 of the Complaint constitute legal conclusions and require no response from Defendant. Defendant is further without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's actions following her termination and therefore can neither admit nor deny the allegations in Paragraph 46 of the Complaint.  To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

## A. Back Pay and Lost Wages

47.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's back pay and lost wages and therefore can neither admit nor deny the allegations in Paragraph 47 of the Complaint.  To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

## B. Front Pay

48.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's front pay and therefore can neither admit nor deny the allegations in Paragraph 48 of the Complaint.  To the

14

extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint

### C. Loss of Retirement Benefits

49.

The allegations contained in Paragraph 49 of the Complaint constitute legal conclusions and require no response from Defendant. Defendant is further without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's actions following her termination and therefore can neither admit nor deny the allegations in Paragraph 49 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

### D. Out-of-Pocket Medical Costs

50.

Defendant is without knowledge or information sufficient to form a belief as to the subjective representations regarding Plaintiff's actions following her termination and, therefore, can neither admit nor deny the allegations in Paragraph 50 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

### E. Statutory and Liquidated Damages

51.

The allegations contained in Paragraph 51 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52.

The allegations contained in Paragraph 52 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53.

The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions and require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

### PRAYER FOR RELIEF

The allegations contained in the section entitled "Prayer for Relief" constitute Plaintiff's purported entitlement to relief in this matter, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever, whether listed in this section or elsewhere, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff.

## JURY DEMAND

In response to Plaintiff's demand for a trial by jury, Defendant states that no response is necessary; however, Defendant denies that it or its agents engaged in any unlawful conduct and denies that Plaintiff is entitled to any judgment, damages, or relief requested.

## GENERAL DENIAL

Any allegations contained in Plaintiff's Complaint that Defendant did not specifically admit are expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby states the following affirmative and additional defenses to Plaintiff's Complaint as follows, but Defendant does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted.  Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's Complaint fails to the extent it does not state a claim upon which relief can be granted and, therefore, it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to a failure to mitigate damages.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, estoppel, and/or other equitable defenses.

## FOURTH DEFENSE

Plaintiff's claims under the FMLA for retaliation may be barred because Plaintiff did not engage in good faith protected activity.

## FIFTH DEFENSE

If the Plaintiff engaged in good faith protected activity prior to Plaintiff's termination, which is denied, Plaintiff's claim for FMLA retaliation is nevertheless barred because Plaintiff would have been terminated even in the absence of such protected activity for Plaintiff's own inadequate job performance or policy violations.

## SIXTH DEFENSE

Plaintiff was discharged for legitimate, non-discriminatory and non-retaliatory reasons

18

## SEVENTH DEFENSE

The Defendant acted at all times in good faith, without any wrongful intent and with a reasonable belief that its conduct did not give rise to any violation of the law of the United States.

## EIGHTH DEFENSE

Plaintiff's claims for damages may be barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

## NINTH DEFENSE

Plaintiff is not entitled, in whole or in part, to the relief requested as a matter of law.

Defendant reserves the right to amend its Answer to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE, having fully answered the Complaint and having stated its affirmative and additional defenses, Defendant respectfully requests that:

(a)    The Court enter judgment in its favor and dismiss with prejudice all claims asserted against Defendant in this action;

(b)    The Court enter Judgment against Plaintiff in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defense of this action;

(c)    That the Court assess costs and attorneys' fees against Plaintiff; and

(c)    The Court grant Defendant such other relief as the Court may deem just and proper.

Dated:  February 27, 2026

/s/ Bradley E. Strawn
Bradley E. Strawn
Georgia Bar No. 004419
bstrawn@littler.com
C. Jane Chambers
Georgia Bar No. 469168
jachambers@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendant

20

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

YANICK NAZON,

      Plaintiff,

v.

QUAD/GRAPHICS, INC.,

      Defendant.

CIVIL ACTION NO.
1:25-cv-07037-SEG-JSA

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2026, a copy of the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**, was served upon *Pro Se* Plaintiff via electronic mail and United States Mail, First Class, postage prepaid as follows:

Yanick Nazon
860 Grindstone Dr SW
Marietta, GA 30060
yanicknazon@gmail.com

*/s/ Bradley E. Strawn*
Bradley E. Strawn
Georgia Bar No. 004419
Attorney for Defendant